IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICKY E. RODRIGUE,<br><br>Plaintiff,<br><br>V.<br><br>AMERICAN TOWERS, LLC, AND<br>AMERICAN TOWER CORPORATION,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1-16-CV-064 RP |

**ORDER**

Before the Court is Defendants' Motion to Dismiss, filed April 1, 2016 (Clerk's Dkt. #10) and responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

## I. BACKGROUND

Plaintiff Ricky E. Rodrigue originally filed this action in the 452nd Judicial District Court of McCulloch County, Texas naming as sole defendant American Towers, LLC. Defendant thereafter removed the action to this court. Plaintiff subsequently filed an amended complaint adding American Tower Corporation as a defendant.

Plaintiff alleges he and Defendants entered into a contract on January 18, 2008 (the "Lease"). Plaintiff states, under the Lease, Defendants agreed to locate a cell phone tower on Plaintiff's property and pay Plaintiff a monthly rent of $300.00. Plaintiff alleges, between October 16, 2009 and November 25, 2009, Defendants induced him to enter into an amendment to the Lease (the "Lease Amendment"). Plaintiff further alleges under the terms of the Lease Amendment, he would receive monthly payments "equivalent to 20% of Collocation Fees with 15% increases per 5 year term." (Plf. Am. Compl. ¶¶ 6-7 & Ex. A). However, according to Plaintiff, Defendants have failed to honor the terms of the Lease Amendment, and he has received no rental

income. (*Id*. ¶ 7)

By way of this action, Plaintiff asserts causes of action for violation of the Texas Deceptive Trade Practices Act ("DTPA"), for common law fraud and for breach of contract. As relief, he seeks monetary damages, exemplary damages and attorney's fees. (*Id.* ¶¶ 8-20).

Defendants now move to dismiss Plaintiff's claims under the DTPA and for fraud on the ground that both are barred by the applicable statute of limitations. Defendant also contends each of Plaintiff's claims should be dismissed for failure to state a claim.

## II. APPLICABLE LAW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)).

## III. DISCUSSION

Defendants contend each of Plaintiff's claims fail as a matter of law for various reasons. The Court will address each claim in turn.

### A. DTPA

Defendants first argue Plaintiff's DTPA claim fails because it is barred by the statute of limitations. Dismissal of a claim under Rule 12(b)(6) as barred under the applicable statute of limitations is proper where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (dismissing where amended complaint failed to allege or even remotely suggest plaintiffs were not aware of discrimination during their employment). *See also Kansa Reinsurance v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994) (dismissing claim as time barred where claim was clearly filed after applicable limitations statute had run and it was evident from pleadings that plaintiff was not entitled to benefit of discovery rule).

Plaintiff's DTPA claim is governed by a two-year statute of limitations. TEX. BUS. & COM. CODE ANN. § 17.565; *Sykes v. Pub. Storage Inc.*, 425 F. App'x 359, 362 (5th Cir. 2011); *Gonzales v. Sw. Olshan Found. Repair Co., LLC*, 400 S.W.3d 52, 57 (Tex. 2013). Plaintiff alleged the misrepresentations that are the basis of his claim were made by Defendants on or before November 25, 2009. (Plf. Am. Compl. ¶ 7). He filed this action in Texas state court on January 8, 2016, more than six years later. (Not. of Remov. Ex. A). Accordingly, his DTPA claim is properly dismissed as time-barred.

Defendants also contend Plaintiff's DTPA claim fails because he is not a "consumer."A claim under the DTPA has three elements: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir.

2016) (quoting *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex.1995)). In his response, Plaintiff concedes the truth of this argument. Accordingly, Defendants are entitled to dismissal of Plaintiff's DTPA claim under Rule 12(b)(6).

**B. Breach of Contract**

Defendants also move to dismiss Plaintiff's claim for breach of contract for a number of reasons. The Court need address only the first two, as they are dispositive.[1]

In Texas, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero \Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.–Houston [1st Dist] 2001, no pet.)). Defendants first point out that Plaintiff has failed to allege facts which establish the existence of a valid contract between Plaintiff and American Towers Corporation. The Lease Amendment identifies the parties to the agreement as Ricky E. Rodrigue and American Towers Inc. (Def. Mot. to Dism. Ex. B). According to Defendants, American Towers Inc. is the predecessor to American Towers LLC. Accordingly, Plaintiff has not established the existence of a valid contract with American Towers Corporation and any breach of contract claim against that defendant fails on that basis.

Defendants also contend Plaintiff has not alleged any facts which would establish a breach of contract. In pertinent part, the Lease Amendment provides a right to monthly payments to Plaintiff from American Tower Inc. as the "Tenant" "equivalent to 20% of the Collocation Fees, as defined below that are actually received by Tenant in each calendar month." (Def. Mot. to Dism. Ex. B ¶ 3). The Lease Amendment further provides:

"Collocation Fees" include rents, and other recurring amounts actually collected by

[1] The Court notes Plaintiff does not address either of these two arguments in his response to the motion to dismiss.

> Tenant from any future Collocator for the use of any portion of the Premises, pursuant to a sublease, license, or similar agreement, less any reimbursements or pass through payments owed to Tenant by the Collocator for utility charges, taxes and other pass through expenses related to the Premises, or in connection with any work performed or equipment installed by Tenant. The "Collocation Date" is the date that is 30 days after a Collocator, as defined below, completes the installation of its initial equipment and commences its operations on the Premises. A "Collocator" is defined as a third-party telecommunications carrier that enters into a sublease, license, or similar agreement with Tenant for the use of any portion of the Premises for the operation of broadband telecommunication facilities or equipment.

(*Id*).

Defendants correctly point out that the Lease Amendment provides for payments which are contingent on a “Collocator” actually entering into a sublease, license, or similar agreement and making payments which exceed any reimbursements or pass through payments owed for utility charges, taxes and other pass through expenses. Plaintiff has not alleged any facts in his complaint which would establish those contingencies have occurred. He has not, therefore, alleged facts which establish a breach of the Lease Amendment. Plaintiff’s breach of contract claim is thus properly dismissed.

**C. Fraud**

Defendants next argue Plaintiff’s fraud claim should be dismissed as barred by the applicable statute of limitations. Under Texas law, a claim of fraud is subject to a four year limitations period. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4); *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011). As set forth above, Plaintiff did not file this action until more than six years after the allegedly fraudulent statements were made. Plaintiff nonetheless contends this claim should not be dismissed because he “believed that Defendant was attempting to place Collocators on the tower until the end of the initial lease term in 2013.” (Plf. Resp. at 3).

Under Texas law, the “discovery rule” provides a “very limited exception to statutes of

limitations." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)). "In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex.2003). "The discovery rule exception operates to defer accrual of a cause of action until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). The discovery rule applies only "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 675 (5th Cir. 2013).

Here, Plaintiff suggests he did not become aware of his injury because of his belief that Defendant was seeking Collocators until 2013. He does not, however, explain why his belief was alone sufficient to prevent discovery of his injury. More to the point, as Defendants point out, Plaintiff admits in his complaint that he has not received monthly rental income since the inception of the Lease Amendment in 2009. (Plf. Am. Compl. ¶ 7). Clearly, his injury was both discoverable and verifiable well before the expiration of the four year limitations period. *See Priester*, 708 F.3d at 675 ("inherently undiscoverable" bar is high, such that discovery rule applies "only where it is nearly impossible for the plaintiff to be aware of his injury at the time he is injured"). Accordingly, Plaintiff's claim of fraud is untimely and properly dismissed.[2]

---

[2] In his response to the motion to dismiss, Plaintiff suggests he should be granted leave to amend, contending he is "easily capable" of amending to remedy any deficiencies in his complaint. However, as Defendants point out, Plaintiff has already filed an amended complaint. Moreover, as noted above, Plaintiff does not address Defendants' arguments regarding his pleading deficiencies as to his breach of contract claim in his response. Nor does he provide any explanation for how he could overcome the statute of limitations as to his fraud claim. Accordingly, Plaintiff need not be permitted leave to amend.

## IV. CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendants' Motion to Dismiss (Clerk's Dkt. #10).

**SIGNED** on May 13, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE